CURIAM.   Judge below, HENRY M. SHEPARD.   Attorneys, for appellant, Messrs. PADDOCK & ALDIS; for appellee, Mr. ALFRED MOORE and Messrs. BISBEE, AHRENS & DECKER.   Opinion filed April 28, 1886.

### THIRD DISTRICT.

No. 43.   George S. Russell v. Edward G. Harris.   An action of assumpsit for $420.69, the balance of an account for lumber delivered by appellant's firm to Frank Stewart, who had contracted to erect two houses for appellee.   The claim was that defendant promised, before the delivery, to pay the bill *pro rata* with those of other parties, for material furnished to the contractor and put into these buildings, which he denied.   Plaintiff's clerk, who went to see him on the subject, testified that he understood him in the course of conversation to make the promise stated.   Defendant testified that he might have said and probably did say he would do, voluntarily, as well by them as by any others, but expressly and positively refused to be bound as by a promise.   These were all the witnesses and this the substance of all the evidence upon the only question of fact that was in dispute.   It appeared that defendant did pay others in full, but only upon Stewart's orders, and that upon like orders he paid plaintiff's firm something over $400, and the balance to Stewart before he received notice that anything remained due to them.   The question was submitted to the jury upon this evidence, under instructions to which no specific objection is urged, and they found for the defendant.   Judgment affirmed.   Opinion by PLEASANTS, J.   Judge below, CYRUS EPLER.   Attorneys, for appellant, Messrs. MORRISON & WHITLOCK; for appellee, Mr. OSCAR A. DE LEUW.   Opinion filed Dec. 4, 1885.

No. 49.   Jacksonville Nat. Bk. v. Edward C. Lax et al. This was a suit brought by the bank against defendants E. C. and Newark Lax on a note dated April 20, 1848, for $1,500, due in six months, purporting to be signed by the defendants and payable to the bank; afterward an attachment in aid was sued out alleging a fraudulent conveyance by Newark Lax; defendants filed several pleas upon which issue was joined, trial had and verdict rendered, which was set aside and new trial awarded. On Dec. 12, 1884, defendant Newark Lax filed a plea of *non*